

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2006

# Moss v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Moss v. Postmaster General" (2006). *2006 Decisions.* Paper 1261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-175                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO:  05-4021

RONALD LEE MOSS,

Appellant

v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01566)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 23, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed:  April 17, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Ronald Lee Moss appeals from the District Court's grant of the

Defendant's motion for summary judgment on his complaint alleging violations of Title

VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. §§ 2000e to 2000e-17.  The

Appellee filed a motion for summary affirmance.  Because the appeal presents no

substantial question, we will grant the Appellee's motion.  See L.A.R. 27.4.

I.

The parties are familiar with the facts, thus, we will only briefly recite them here. Moss was employed by the United States Postal Service in Pittsburgh, Pennsylvania from 1986 until early 2004.  In 2000, Moss filed an action with the Equal Employment Opportunity Commission (EEOC) alleging race and sex discrimination.  He also filed a civil action in the United States District Court for the Western District of Pennsylvania alleging race and sex discrimination, retaliation for prior EEOC filings, and a number of other wrongs.  The District Court dismissed the complaint for failure to exhaust administrative remedies.  After an appeal here, see Moss v. Henderson, No. 01-4207, slip op. (3d Cir. Aug. 6, 2003), Moss continued pursuing his claims in the District Court and through administrative agencies.  Specifically, on September 15, 2003, he filed a motion for discovery on his original complaint and a motion to amend his complaint to allege violations of the USA PATRIOT Act of 2001.  Pub. L. No. 107-56, 115 Stat. 272 (2001). The District Court denied both motions and Moss filed a notice of appeal on December 12, 2003.  We eventually dismissed the appeal for lack of jurisdiction.

Meanwhile, Customer Relations Manager Michael Cafaro, was assigned to conduct a routine driving observation.  He located Moss's truck and observed that Moss failed to set the parking brake.  Cafaro notified the local Manager, Bob Roberts, who issued an immediate suspension of Moss's government driver's license pending an investigation.  The investigation was conducted and Jerry Kennedy, Moss's supervisor,

2

issued Moss a fourteen-day "paper" suspension.[1]  Moss was transferred to a different facility and roughly one month later was injured on the job.  He eventually left the Post Office and began receiving permanent worker's compensation.

Shortly after his suspension but before suffering his injury, Moss filed a new action with the EEOC alleging race and sex discrimination, the creation of a hostile work environment, and retaliation for filing prior EEOC and federal court complaints.  The Defendant moved for summary judgment.  The District Court granted the motion finding that Moss failed to carry his burden on any of the claims.  Moss appealed.[2]

II.

To prevail under Title VII, Moss must satisfy the three-step burden shifting inquiry under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973).  First, he must establish a <u>prima facie</u> case.  If he succeeds, "the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action."  <u>Id.</u> at 802-03.  If the employer advances such a position, the burden shifts back to the employee to prove that the non-discriminatory explanation is merely a pretext for discrimination.  <u>Id.</u> at 804.

The District Court determined that even if Moss could establish a <u>prima facie</u> case for his retaliation and discrimination claims, he could not show that the Post Office's

---

[1]  A "paper" suspension is a suspension in name only.  The receiving person is still permitted to report to work and receive pay for his or her time.

[2]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's grant of a motion for summary judgment.  <u>See</u> <u>Wastak v. Lehigh Valley Health Network</u>, 342 F.3d 281, 285 (3d Cir. 2003).

stated reason for the adverse employment action is merely a "pretext" for discriminatory or retaliatory conduct. We agree. The <u>McDonnell Douglas</u> framework is applicable to both his retaliation and discrimination claims. <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802 (race); <u>Sarullo v. U.S. Postal Service</u>, 352 F.3d 789, 799-800 (3d Cir. 2003) (retaliation and discrimination). To establish that the suspension for violating a vehicle safety rule was a pretext for unlawful conduct, Moss must present evidence showing that the proffered reason is "weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could rationally find them unworthy of credence." <u>See</u> <u>Sarullo</u>, 352 F.3d at 799-800 (internal quotations and citations omitted). He fails to do so.

Moss provides no reason to believe that the only discipline he has ever received in the nearly three years of working at the Greentree Post Office was pretextual. First, Moss has not alleged a hostile or poor relationship with either Roberts or Kennedy. Rather, he states in his deposition that he and Kennedy get along well. Nor does he present any facts that would lead to an inference of racial animus. He also fails to establish that either Roberts or Kennedy were aware that he had filed complaints with the EEOC or the District Court. Even if we assume that Roberts or Kennedy were aware that Moss filed an amended complaint alleging USA PATRIOT Act violations only several months prior to his suspension, we see no connection between the minor discipline in conformity with Postal Service regulations and the District Court filing. Moss even admits that he violated Postal Service rules, and the evidence clearly shows that other individuals have been similarly disciplined for the same violation. Moss simply fails to make any case that

4

the discipline was pretextual.

Moss also fails to establish a valid hostile work environment claim. To do so, he must show that discrimination existed and that it was "pervasive and regular." See Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001). As discussed above, not only does Moss fail to show that a pattern of regular discrimination existed, but he fails to show discrimination at all.

Thus, no substantial question is presented with respect to whether the District Court erred in granting the motion for summary judgment. Accordingly, we grant the Appellee's motion for summary affirmance.